Alex Smith Jr., Plaintiff in Propria Persona
1048 Pelham Street
Montgomery, Alabama [36104]

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| Alex Smith Jr., a man, | ) CASE NO: 2:15-cv-54 MHT |
| Plaintiff | ) |
| vs. | ) VERIFIED COMPLAINT FOR ) DAMAGES |
| WELLS FARGO BANK NATIONAL ASSOCIATION; | ) ) ) |
| Defendant. | ) JURY TRIAL DEMANDED ) |

*[Stamp: RECEIVED 2015 JAN 22 P 1:56 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA.]*

COMES NOW, the Plaintiff Alex Smith Jr. complaining of the defendant and each of them as follows;

**INTRODUCTION**

1. This action is an action brought by the Plaintiff for possible violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692, Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, Alabama Deceptive Trade Practices Act (DTPA), §8-19.1, Defamation of Character respectively.

I. **THE PARTIES**

2. Plaintiff "Alex Smith Jr." is now and at all times relevant to this action an American National. Plaintiff is a "consumer" as that term is defined within 15 U.S.C. §1692(a)(3).

3. Defendant: "WELLS FARGO BANK NATIONAL ASSOCIATION" is a foreign corporation formed under the laws of the state of California. It has a principle place of business located at 464 California Street, San Francisco, CA 94104. Defendant WELLS FARGO BANK NATIONAL ASSOCIATION (WFBNA) is a "debt collector" as that term is defined by 15 USC §1692(a)(6).

1

## II. JURISDICTION AND VENUE

4. The UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA has jurisdiction pursuant to 15 U.S.C. §1692 et al, and 15 U.S.C. §1681 et al, and the court has concurrent jurisdiction over Plaintiff's tort state claims. Venue is proper as the occurrences which give rise to this action took place within the state of ALABAMA. Therefore, venue is proper in the UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF ALABAMA.

## III. FACTUAL ALLEGATIONS

5. Plaintiff brings this action regarding the defendant and each of them, in their continued attempts to collect an alleged debt defendant claims is owed them. However, Plaintiff is without knowledge of the alleged debt defendant claims is owed.

6. On or about May 1, 2014, Plaintiff served upon Defendant a "Writ in the Nature of Discovery and Disclosure (WNDD)" pursuant to 15 U.S.C. §1692(g) and Alabama Deceptive Trade Practices Act (ALDTPA), §8-19.1 (see attached "Exhibit A"). The Writ required the defendant to verify and or validate

an alleged debt defendant had either previously collected, or currently collecting, reporting Plaintiffs consumer credit report. Defendant is currently not furnishing any information to the credit reporting agencies Equifax, Experian, and Transunion, 15 U.S.C. §1681, Fair Credit Reporting Act.

7. On or about June 9, 2014, Plaintiff served Defendant an "Affidavit of Fact Notice of Default Judgment" for failing to respond to "WNDD" dated May 1, 2014. Defendant was required to verify and validate their claim of an alleged debt owed to them (see attached "Exhibit B").

8. On or about June 20, 2014, Plaintiff served Defendant an "Affidavit of Fact Default Judgment" for failure to verify and validate their claim of an alleged debt owed to them (see attached "Exhibit C").

2

9. On or about June 26, 2014, Defendant untimely provided Plaintiff with a series of legal documents which claims an alleged debt being owed to WFBNA. The documentation provided by Defendant names an entirely different entity than that of the Plaintiff and references a Home Equity Conversion Loan Agreement executed on August 12, 2010 for $174,000.00 at 12.493% adjustable rate interest. The amounts alleged to be due and owing contained in the documents sent by Defendant and not being reported to the credit reporting agencies are in conflict with WFBNA alleged claim of being a Creditor.

10. Accordingly, both the FDCPA, FCRA, and Alabama DTPA requires Defendant to provide precise, accurate, and current information to credit reporting agencies, and a consumer when requested pursuant to law. Defendant has failed to meet those requirements as the information received, currently being demanded, and previously collected is not in harmony with the information recently received; moreover, fails to provide information sufficient to establish a creditor relationship between the parties.

11. On or about August 11 2014, the Defendant's Attorney sent Plaintiff a dunning "Notice to Vacate" claiming that on May 20, 2014, Plaintiff's property was duly foreclosed and WFBNA is the owner of the property. This claim happened during the period when WFBNA failed to verify and validate the alleged debt (see attached "Exhibit D").

12. On or about October 31, 2014, Plaintiff sent SIROTE & PERMUTT, PC, attorney for WFBNA a "Notice of Dispute, Demand for Verification/Validation of Alleged Debt" pursuant to 15 U.S.C. §1692(g) to clarify, verify and validate the alleged debt, and they have failed to respond with information sufficient to verify and validate the alleged debt (see attached "Exhibit 5").

13. Plaintiff at a later date conducted research and examined the Home Equity Conversion Agreement, dunning letters, public records and other communications from previous debt collectors. The investigation revealed significant inconsistencies in the amounts that were demanded by

3

Defendant, and or specified within the agreement. The amounts inclusive of fees, charges, expenses and interest collected were not authorized by the alleged original agreement Defendant relied upon.

14. Although the alleged debt Defendant relies upon is in dispute, even if such debt was valid the debt instrument itself failed to allow for interest, charges, fees and other no related expenses. Specifically, the original agreement alleged to be executed by Plaintiff does not allow for the collection of default interest, fees and charges. Additional conflicts exists as to the amounts alleged in the original agreement (Mortgage, Deed, Note), the amounts currently not reported tot the credit reporting agencies, and previous dunning letters, alleged banking statements sent Plaintiff.

15. Accordingly, it was revealed that Defendant may have misrepresented itself as a creditor when in fact it was a debt collector pursuant to consumer protection laws. The various conflicting amounts due, along with ongoing payments due, or previously due, with a claim of ownership by Defendant without "due process" has harmed Plaintiff significantly. Plaintiff is entitled to trial and discovery to determine if Defendant is entitled to any payment at all, or in the alternative the amounts claimed and alleged to be due and owing. Defendant appears to have engaged in behavior and conduct adverse to the FDCPA, FCRA and Alabama DTPA.

**IV.        FIRST CAUSE OF ACTION**
**VIOLATION OF 15 USC 1692, FAIR DEBT COLLECTIONS PRACTICES ACT**
**(DEFENDANT WFBNA)**

16. Paragraphs 1-15 are re-alleged as though fully set out herein.

17. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

18. Plaintiff is a "consumer" as defined in 15 U.S.C. §1692(a)(3). Defendant "WFBNA" is a "debt collector" as defined in 15 U.S.C. §1692(a)(6). Defendant was attempting to collect a debt for "household purposes" 15 U.S.C. §1692(a)(5).

19. Plaintiff served defendant "WFBNA" with a Notice of Dispute in compliance with 15 U.S.C.

4

§1692(g). 15 U.S.C. §1692(g) requires defendant to provide Plaintiff with verification of the alleged debt once received. 15 U.S.C. §1692(g)(5)(b) requires defendant to cease all collection activity until the debt collector obtains verification of the alleged debt. Defendant "WFBNA" and each of them has failed to provide one scintilla of proof of their alleged debt. However, defendant continues to make attempts at collection of the alleged debt through misuse of the United States Postal Service to send harassing and threatening dunning letters/notices.

20. Defendant "WFBNA" violated the FDCPA, and caused damages to Plaintiff by their failure to comply with the Act. Defendant's violations include, but are not limited to the following;

a. Defendant "WFBNA" violated 15 U.S.C. §1692(a)(4) by misrepresenting themselves as a creditor when they are a debt collector that received an assignment or transfer of debt "in default" solely for the purpose of facilitating collection of the alleged debt for another;

b. Defendant "WFBNA" violated 15 U.S.C. §1692(d) of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

c. Defendant "WFBNA" violated 15 U.S.C.§1692(e)(8) which requires debt collectors to communicate the disputed status of a debt if the debt collector 'knows or should know' that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is "acquired;"

d. Using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692(f);

e. Defendant "WFBNA" violated 15 U.S.C. §1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

5

21. Specifically, defendant "WFBNA" knew that each of them were not entitled to collect on the non-existent debt.

22. Defendant "WFBNA" were fully aware that each of them were/are unable to provide a performance contract executed by Plaintiff, whereby Plaintiff is obligated to defendant.

23. Therefore, defendant "WFBNA" is liable to Plaintiff for failure to report accurate information to their consumer credit reports which resulted in higher auto insurance premiums, higher interest rates, intentional infliction of emotional distress, insomnia, embarrassment, loss of sleep, anxiety, mental anguish and other related damages due to defendant's acts.

24. Defendant "WFBNA" are therefore liable unto Plaintiff pursuant to 15 U.S.C. §1692(k) in the amount of $1000.00 plus punitive, consequential, and actual damages.

V.       **SECOND CAUSE OF ACTION**
**VIOLATION OF 15 U.S.C. §1681 FAIR CREDIT REPORTING ACT**
**(DEFENDANT WFBNA)**

25. Paragraphs 1-24 are re-alleged as though fully set out herein.

26. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C.§1681(a)(c).

27. Defendant "WFBNA" is a "credit furnisher" within the meaning of 15 U.S.C.§1681(a)(c). 15 USC§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15 U.S.C.§1681s-2(a)(1)-(3). Plaintiff's consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681(a)(d).

28. The FCRA, 15 U.S.C. 1681s-2(b), has Obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency (CRA) notifies the furnisher that it has received

6

a "notice of dispute" from the consumer pursuant to 15 U.S.C. §1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under §1681(i) of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

(1) to conduct "an investigation" with respect to the disputed information;

(2) to "review all relevant information" provided by the credit reporting agency;

(3) to "report the results of its investigation" back to the credit reporting agency;

(4) if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and

(5) to "modify,...delete...or...permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. § 1681s-2(b)(1).

29. In §1681s-2(b), duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does not trigger a furnisher's duty to re-investigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation under the FCRA to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. Such a dispute, it should be noted, likely does create a legal obligation under §1692(g) of the FDCPA which Plaintiff served upon defendant "WFBNA."

30. Plaintiff alleges that at all relevant times Defendant "WFBNA" failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports,

7

concerning the accounts in question, violating 15 U.S.C. §1681(e)(b).

Plaintiff alleges that Defendant "WFBNA" failed to conduct a proper and lawful reinvestigation.

31. All actions taken by the Defendant "WFBNA" and Equifax, Experian, and Transunion were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendant "WFBNA" and each of their acts constitutes multiple willful non-compliance with FCRA.

32. All of the violations of the FCRA proximately caused the injuries and damages to Plaintiff as set forth in this Complaint. The FCRA requires the following of Equifax, Experian, and Transunion;

(2) Prompt Notice of Dispute to Furnisher of Information

(A) In general. Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(B) Provision of other information. The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A).

(4) Consideration of consumer information. In conducting any reinvestigation under paragraph

8

(1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

(5) Treatment of Inaccurate or Unverifiable Information

(A) In general. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall;

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of their investigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

33. Plaintiff has been significantly harmed by Defendant "WFBNA" due to erroneous/non-reporting of the alleged debt. Due to defendant's acts, Plaintiff has suffered damages that led to multiple denials of credit. The multiple denials of credit were a direct reflection of defendant's erroneous credit reporting. Plaintiffs are entitled to actual damages for those creditors who denied Plaintiffs credit based on a deteriorated credit score and credit worthiness. Defendant's negligent and non-compliant acts may have been a direct violation of 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o) respectively.

34. Therefore, Plaintiff demands judgment for damages against Defendant "WFBNA" for actual damages, punitive damages, and statutory damages of $1000.00, attorney fees, and costs pursuant to 15 U.S.C. §1681(n), and 15 U.S.C. §1681(o).

| VI. | THIRD CAUSE OF ACTION<br>INVASION OF PRIVACY<br>(ALL DEFENDANTS) |
|---|---|

35. Paragraphs 1-34 are re-alleged as though fully set out herein.

36. Defendant "WFBNA" is a "debt collector" and a stranger to the Plaintiff. Plaintiff has no

contractual relationship with defendant "WFBNA" and has never applied for credit or services with the defendant.

37. Plaintiff's right to privacy are also an enumerated Constitutional right, both in the State and Federal Constitutions. Plaintiff has been damaged in that their proprietary, confidential, most personal information was unlawfully and illegally breached by defendant "WFBNA." Importantly, Plaintiff is most concerned with the fact that Plaintiff "did not" provide their social security number to defendant "WFBNA." Plaintiff supports this assertion by the mere fact that no credit, application or services was applied nor received from the defendant "WFBNA."

38. Plaintiff has a right to discovery, to determine where and how Defendant obtained their personal, private information. Specifically, Plaintiff will investigate through discovery where defendant "WFBNA" obtained Plaintiff's social security numbers from, and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used. Defendant "WFBNA" may also be guilty of identity theft under state and federal law.

39. Therefore, defendant "WFBNA" is liable to Plaintiff for actual, punitive, consequential, compensatory damages in an amount determine at trial, or by the court.

| VII. | **FOURTH CAUSE OF ACTION**<br>**ALABAMA §8-19.1**<br>**DECEPTIVE TRADE PRACTICES ACT UNLAWFUL**<br>**ALABAMA §40-12-80**<br>**ALABAMA FAIR DEBT COLLECTION PRACTICES ACT**<br>**(DEFENDANT WFBNA)** |
|---|---|

40. Paragraphs 1-39 are re-alleged as though fully set out herein.

41. Plaintiff is a consumer as defined with Alabama DTPA §8-19-3(2)., Defendant is a debt collector as defined in Alabama FDCPA §40-12-80. Defendant's alleged debt is a consumer transaction, and consumer acts or practices in trade or commerce. This Act protects "consumers and legitimate business enterprises" by forbidding and declaring unlawful any "unfair or deceptive acts or practices in

10

the conduct of consumer transactions and consumer acts or practices in trade or commerce."

42. Plaintiff as a condition precedent sent Notices to Defendant "WFBNA" in compliance with Alabama DTPA §8-19.1 (see "Exhibits A, B, C & F"). Therefore, Defendant was afforded ample opportunity to comply with the provisions set forth in Alabama DTPA §8-19.1.

43. Defendant "WFBNA" intentional acts of providing multiple erroneous, fabricated amounts allegedly due and owing constitutes an intentional, willful violation of the act (see, "Exhibit E"). Plaintiff, even if the debt was legitimate, could make no true accounting of the amounts alleged by defendant "WFBNA." Plaintiff, on multiple occasions, offered to pay the alleged debt if defendant could validate, and or provide a sensible computation of the amounts alleged to be due and owing.

44. Notwithstanding, the defendant "WFBNA" claims has any merit, and due to the defendant's misrepresentation of the character and amount of the alleged debt, Plaintiff is/was unable to make a legal or lawful determination in an effort to possibly satisfy the alleged debt, if legitimate.

45. Plaintiff was significantly harmed by defendant "WFBNA" deceptive acts, oppression, abusive debt collection activities. Plaintiff's harm includes emotional distress, confusion, anxiety, mental anguish, significant harm to Plaintiff's consumer purchasing power, embarrassment, extension abusive litigation and costs, and humiliation.

46. Defendant "WFBNA" are therefore liable to Plaintiff, and Plaintiff is entitled to recover compensatory damages and reasonable attorneys' fees, Alabama DTPA §8-19.1, and in the event of an intentional violation.

| | |
|---|---|
| VIII. | **FIFTH CAUSE OF ACTION**<br>**NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND**<br>**SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS, AND**<br>**(DEFENDANT WFBNA)** |

47. Paragraphs 1-46 are re-alleged as though fully set out herein.

48. Defendant "WFBNA" was aware of their wrongful conduct in creating an alleged debt Plaintiff is

11

not obligated to, or are not able to discern the amount and character of the alleged debt. Defendant "WFBNA" knew and approves of it's incompetent employees and agents, attorney debt collectors, and debt collection agency to whom they sold the alleged debt to, who are involved in debt collection against Plaintiff. Defendant "WFBNA" negligently, wantonly, and/or intentionally hired, trained, retained, or supervised incompetent debt collectors in defendant "WFBNA," whom were allowed, or encouraged to violate the law as was done to the Plaintiff. Defendant ""WFBNA" is therefore responsible and liable to the Plaintiff for the wrongs committed against him, and the substantial damages suffered by Plaintiff.

49. Therefore, Plaintiff is entitled to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

Date: January 22, 2015

**Executed Pursuant to 28 U.S.C. §1746(1)**

BY: _____
Alex Smith Jr., Consumer Plaintiff
1048 Pelham Street
Montgomery, Alabama [36104]
Contact: (718) 875-9710

EXHIBIT A   Writ in the Nature of Discovery and Disclosure
EXHIBIT B   Affidavit of Fact Notice of Default Judgment
EXHIBIT C   Affidavit of Fact Default Judgment
EXHIBIT D   Dunning Letter "Notice to Vacate"
EXHIBIT E   Dunning Notice Home Equity Conversion Loan Agreement
EXHIBIT F   Notice of Dispute, Demand for Verification/Validation of Alleged Debt

CERTIFICATE OF SERVICE;
I certify that a copy of the Summons and Complaint will be served upon defendant listed below in compliance with FRCP Rule 4; Counsel for Plaintiff:

WELLS FARGO BANK NATIONAL ASSOCIATION