THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALEX SMITH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:15-cv-54-MHT-WC |
| | ) |
| WELLS FARGO BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 22, 2015, Alex Smith, Jr., ("Plaintiff"), proceeding *pro se*, filed a complaint against Wells Fargo Bank, N.A. ("Defendant"), alleging "possible violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 [*et seq*.], the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 [*et seq*.], Alabama Deceptive Trade Practices Act ("DTPA"), [Ala. Code] § 8–19[-]1, and Defamation of Character." Compl. (Doc. 1) at 1. The District Judge referred this case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Order (Doc. 4).

Before the court is Defendant's Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to state a claim, Mot. (Doc. 12) at 1, and Defendant's Memorandum of Law (Doc. 13) in support thereof. Following an order by the court to show cause as to why the motion to dismiss should not be granted (Doc. 14), Plaintiff filed a response. Pl.'s Resp. (Doc. 15) at 1-4. After a

review of Defendant's Motion to Dismiss and all supporting memoranda, and for the following reasons, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (Doc. 12) be GRANTED.

## I. STATEMENT OF FACTS

Although Plaintiff's pro se filings are not a model of clarity, the submissions of the parties, viewed in the light most favorable to the nonmoving party, establish the following relevant facts:

On August 12, 2010, Plaintiff's mother, Novella Smith, executed an Adjustable Rate Note ("Note") in favor of Defendant, which was secured by a mortgage on a property located at 1048 Pelham Street in Montgomery, Alabama. Compl. Ex. E (Doc. 1-5) at 3-22; Def.'s Mem. (Doc. 13) at 1-2. Sometime thereafter, Novella Smith passed away. Compl. Ex. D (Doc. 1-4) at 2; Compl. Ex. E (Doc. 1-5) at 2; Def.'s Mem. (Doc. 13) at 1; Pl.'s Resp. (Doc. 15) at 1. On or about May 1, 2014, purportedly pursuant to 15 U.S.C. § 1692(g), Plaintiff served Defendant a "Writ" demanding validation of the alleged debt. Compl. Ex. A (Doc. 1-1) at 2-6. Meanwhile, Defendant purchased the Property at a foreclosure sale held on May 20, 2014. Compl. Ex. D (Doc. 1-4) at 2. In June of 2014, Plaintiff served Defendant an "Affidavit of Fact Notice of Default Judgment" for failing to respond to the "Writ" served in May 2014. Compl. Ex. B (Doc. 1-2) at 2-5. On June 20, 2014, Plaintiff served Defendant with another "Affidavit of Fact Default Judgment," this time for failure to verify and validate its claim for the alleged debt. Compl. Ex. C (Doc. 1-3) at 2-4. In August 2014, Defendant sent a 10-Day Notice

to Vacate the Property, addressed to "The Estate of Novella Smith."[1]   Compl. Ex. D (Doc. 1-4) at 2-3.

## II. DISCUSSION

### A.   *Standard of Review*

Defendant has moved the court to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  "Under [Rule 12(b)(6)], whether a plaintiff failed to state a claim upon which relief can be granted must be ascertained from the face of the complaint."  *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997).  Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996).  In considering a motion pursuant to Rule 12(b)(6), the court must "accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party."  *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

### B.   *Federal Claims*

#### 1.   **Count I:  Claims of FDCPA Violations**

In Count I of the Complaint, Plaintiff contends Defendant violated the FDCPA for various reasons, including their failure to respond to his requests for verification of any debt owed.  Compl. (Doc. 1) at 4-6.  Defendant contends, because the debt is a

---

[1] On November 12, 2014, Defendant filed an ejectment action against Plaintiff in Montgomery County Circuit Court in Alabama.  Def.'s Mem. (Doc. 13) at 2 n.1; Ex. A (Doc. 13-1) at 1-8.

mortgagee, originated to Novella Smith, Defendant is not a debt collector as defined under the FDCPA. Def.'s Mem. (Doc. 13) at 2-4.

"To prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Ruth v. Tenen*, No. 3:12CV40-WHA, 2012 WL 2135478, at *2 (M.D. Ala. June 13, 2012) (citing *Janke v. Wells Fargo and Co.*, 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011)). "The FDCPA defines a "debt collector" as a person who uses an instrumentality of interstate commerce or the mails in a business which has the principal purpose of collecting debts, or who regularly collects debts owed to another." *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009) (citing 15 U.S.C. § 1692a(6)). "It is well-established that mortgage servicers do not fall within the definition of debt collector[s]." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011) (citing *Warren*, 342 F. App'x at 460 (determining that "the act of foreclosing on a security interest is not debt collection activity for the purposes of the FDCPA")).

Because foreclosing on a home is not debt collection for purposes of § 1692g, Plaintiff has not, and cannot, state a claim under that provision based on Defendant's foreclosure sale of his home. Accordingly, Plaintiff's FDCPA claim fails and is due to be dismissed.

### 2. Count II: FCRA Violations

Plaintiff argues "that at all relevant times Defendant . . . failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the accounts in question." Compl. (Doc. 1) at 8. Defendant argues, "[Plaintiff's] failure to assert that [Defendant] received notice of a dispute [Plaintiff] submitted from a CRA is fatal to his FCRA claim against [Defendant]." Def. Mem. (Doc. 13) at 5.

The FCRA, 15 U.S.C.A. § 1681s-2, "imposes two separate duties on furnishers[: f]irst, § 1681s–2(a) requires furnishers to submit accurate information to [credit reporting agencies; and s]econd, § 1681s–2(b) requires furnishers to investigate and respond promptly to notices of customer disputes." *Green v. RBS Nat. Bank*, 288 F. App'x 641, 642 (11th Cir. 2008). While the FCRA prohibits furnishers of credit information, like Defendant, from providing false information in § 1681s-2(a), "the statute explicitly bars private suits for violations of this provision." *Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009) (citing 15 U.S.C. § 1681s(c)(1)(B) (allowing states to bring an action for violations)). "The FCRA does provide a private right of action for a violation of § 1681s–2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." *Green*, 288 F. App'x at 642.

Plaintiff's complaint fails to state a claim under the FCRA because it does not allege that Defendant failed to conduct an investigation into Plaintiff's credit history after being notified of a dispute by a credit reporting agency. Accordingly, Plaintiff's FCRA claim fails and is due to be dismissed.

### C. State Law Claims

Plaintiff's Complaint (Doc. 1) also pleads state law claims for invasion of privacy and "negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents," as well as violations of Alabama's Deceptive Trade Practices Act and Alabama's Fair Debt Collection Practices Act. Compl. (Doc. 1) at 9-12.

To the extent Plaintiff seeks to raise state law claims, those claims are due to be dismissed. Even if the court were to find valid state law claims existed, the exercise of this court's supplemental jurisdiction would be inappropriate. The exercise of this jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996). Because the court recommends dismissal of Plaintiff's federal claims for failure to state a claim upon which relief may be granted, the court declines to exercise supplemental jurisdiction over plaintiff's state-law claims and recommends that those claims be dismissed. *See Gibbs*, 383 U.S. at 726; *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.").

### III. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that, Defendants' Motion to Dismiss (Doc. 12) be GRANTED, with prejudice as to Count I and Count II of the Complaint and without prejudice as to all remaining state claims.

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **February 5, 2016**. A party must specifically identify the

factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

      Done this 22nd day of January, 2016.

                                            /s/ Wallace Capel, Jr.
                                            WALLACE CAPEL, JR.
                                            UNITED STATES MAGISTRATE JUDGE