THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALEX SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-54-MHT-WC |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 22, 2015, Alex Smith, Jr., ("Plaintiff"), proceeding *pro se*, filed a complaint against Wells Fargo Bank, N.A. ("Defendant"), alleging "possible violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 [*et seq*.], the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 [*et seq*.], Alabama Deceptive Trade Practices Act ("DTPA"), [Ala. Code] § 8–19[-]1, and Defamation of Character." Compl. (Doc. 1) at 1. The United States District Judge referred the case to the undersigned Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." Order (Doc. 4).

On March 3, 2015, Defendant filed a Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on Plaintiff's failure to state a claim, Def.'s Mot. (Doc. 12) at 1, and a Memorandum of Law (Doc. 13) in support thereof. Following an order by the court to show cause as to why the motion to dismiss should not be granted (Doc. 14), Plaintiff filed a response. Pl.'s Resp. (Doc. 15). On January 22,

2016, the undersigned recommended that Defendant's Motion to Dismiss (Doc. 12) be granted, setting time for objections due on February 5, 2016. Recommendation (Doc. 16). On February 5, 2016, Plaintiff filed a Motion for Leave to Amend his Complaint. Pl.'s Mot. (Doc. 17). Defendant then filed a Response in Opposition to Plaintiff's Motion to Amend. Def.'s Resp. (Doc. 18). The United States District Judge entered an order on March 11, 2016, construing Plaintiff's Motion to Amend as both a motion to amend and as Plaintiff's objections to the undersigned's recommendation. Order (Doc. 19). The District Judge entered a separate judgment overruling Plaintiff's objections to the recommendation, adopting the undersigned's recommendation with exception, dismissing Plaintiff's complaint without prejudice, and referring the case back the undersigned to enter a recommendation on Plaintiff's Motion for Leave to File an Amended Complaint. Judgment (Doc. 20).

For the following reasons, the undersigned RECOMMENDS that Plaintiff's Motion for Leave to File an Amended Complaint be DENIED.

**I. DISCUSSION**

Plaintiff's original complaint, though not a model of clarity, establishes the following relevant facts:

On August 12, 2010, Plaintiff's mother, Novella Smith, executed an Adjustable Rate Note ("Note") in favor of Defendant, which was secured by a mortgage on a property located at 1048 Pelham Street in Montgomery, Alabama. Compl. Ex. E (Doc. 1-5) at 3-22; Def.'s Mem. (Doc. 13) at 1-2. Sometime thereafter, Novella Smith passed away. Compl. Ex. D (Doc. 1-4) at 2; Compl. Ex. E (Doc. 1-5) at 2; Def.'s Mem. (Doc.

13) at 1; Pl.'s Resp. (Doc. 15) at 1.  On or about May 1, 2014, purportedly pursuant to 15 U.S.C. § 1692(g), Plaintiff served Defendant a "Writ" demanding validation of the alleged debt.  Compl. Ex. A (Doc. 1-1) at 2-6.  Meanwhile, Defendant purchased the Property at a foreclosure sale held on May 20, 2014.  Compl. Ex. D (Doc. 1-4) at 2.  In June 2014, Plaintiff served Defendant an "Affidavit of Fact Notice of Default Judgment" for failing to respond to the "Writ" served in May 2014.  Compl. Ex. B (Doc. 1-2) at 2-5.  On June 20, 2014, Plaintiff served Defendant with another "Affidavit of Fact Default Judgment," this time for failure to verify and validate its claim for the alleged debt.  Compl. Ex. C (Doc. 1-3) at 2-4.  In June 2014, Defendant "provided Plaintiff with a series of legal documents which claims an alleged debt being owed to [Defendant]."  Compl. (Doc. 1) at 3.  In August 2014, Defendant, through Defendant's foreclosure attorney Sirote & Permutt, PC, sent Plaintiff a 10-Day Notice to Vacate the Property, addressed to "The Estate of Novella Smith."[1]  Compl. Ex. D (Doc. 1-4) at 2-3.  In October 2014, Plaintiff sent Sirote & Permutt, PC, a "Notice of Dispute, Demand, for Verification/Validation of Alleged Debt" to "clarify, verify and validate the alleged debt," to which they did not respond.  Compl. (Doc. 1) at 3.

The undersigned's recommendation, which was later adopted with exception by the United States District Judge,[2] dismissed Plaintiff's FDCPA claims because Plaintiff could not prove that Defendant is a debt collector pursuant to 15 U.S.C. § 1692g.  *See*

---

[1] On November 12, 2014, Defendant filed an ejectment action against Plaintiff in Montgomery County Circuit Court in Alabama.  Def.'s Mem. (Doc. 13) at 2 n.1; Ex. A (Doc. 13-1) at 1-8.

[2] The undersigned's recommendation was adopted with the exception that Plaintiff's claims were to be dismissed without prejudice instead of with prejudice. Opinion (Doc. 19) at 2.

Recommendation (Doc. 16) at 4; Judgment (Doc. 20) at 2.  Specifically, the undersigned noted that because foreclosing on a home is not debt collection, Plaintiff had not stated, and could not state, a claim under that provision based on Defendant's foreclosure sale of Plaintiff's home.  *See* Recommendation (Doc. 16) at 4 (citing *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011) ("It is well-established that mortgage servicers do not fall within the definition of debt collector[s]."); (citing *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009) (determining that "the act of foreclosing on a security interest is not debt collection activity for the purposes of the FDCPA")).  Further, the undersigned's recommendation dismissed Plaintiff's FCRA claims because Plaintiff's complaint did not allege that Defendant failed to conduct an investigation into Plaintiff's credit history after being notified of a dispute by a credit reporting agency, thus failing to state a claim under the FCRA.  *See* Recommendation (Doc. 16) at 5.  Finally, the undersigned recommended dismissal of Plaintiff's state law claims, finding that to the extent Plaintiff raised state law claims, the exercise of the court's supplemental jurisdiction would be inappropriate.  *See id.*

As previously noted, on the last day for objections to the undersigned's recommendation, Plaintiff filed a motion styled "Motion for Leave 1st Amended Verified Complaint for Damages," (Doc. 17), which the District Judge construed to be a motion to amend the complaint.  Attached to that motion, Plaintiff filed his proposed amended complaint. Pl.'s Am. Compl. (Doc. 17-1).

Plaintiff's proposed amended complaint is essentially the same as his original complaint with two notable differences: (1) Plaintiff added Defendant's foreclosure

4

attorney, Sirote & Permutt, PC ("S&P"), as a defendant; and (2) Plaintiff presented the following "new" facts and evidence to the court:[3]

- On or about November 13, 2010, Plaintiff's mother, who executed a home mortgage with Defendant in August 2010, "rescinded the transaction with Wells Fargo Bank, N.A. in accordance with federal law 15 USC § 1635(a)(b)." Pl's. Am. Compl. (Doc. 17-1) at 2.

- As evidence that Plaintiff's mother rescinded the mortgage with Defendant, Plaintiff attached a letter purportedly sent to Defendant from Plaintiff's mother, which stated that she was giving notice to Defendant that she was rescinding her mortgage "due to [Defendant's] lack of full disclosure concerning [her] account . . . in accordance with 15 U.S.C. § 1635a&b." Pl.'s Ex. (Doc. 17-2) at 2. The letter further demanded a refund of $82,000.00 "in accordance with 15 USC 1635b. . . ." *Id.*

- On or about April 14, 2014, S&P sent Plaintiff "a dunning notice stating the alleged debt [owed by the Estate of Novella Smith ("the Estate")] was in default and Defendant [ ] accelerated the promissory note and mortgage. . . ." Pl.'s Am. Compl. (Doc. 17-1) at 3.

- Plaintiff attached the above notice, entitled "Notice of Acceleration of Promissory Note and Mortgage," from S&P on behalf of Defendant, which notified Plaintiff that the mortgage for the Estate was in default. Pl.'s Ex. (Doc. 17-4) at 2. The notice stated that foreclosure was commencing, and that a sale of the property was scheduled for May 20, 2014. *Id.* The notice further stated that the debt would be assumed valid, "unless it is disputed within thirty days after [the Estate] receive[s] this letter. If [the Estate] do[es] dispute this debt or any portion thereof, [S&P] will obtain and mail [the Estate] a verification of the debt or a copy of any judgment if [the Estate] send[s] [S&P] a written request within this thirty-day period. Also upon written request within this thirty-day period, [S&P] will provide [the Estate] with the name and address of the original creditor, if different from the current creditor. This communication is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.*

- Plaintiff attached a letter purportedly sent to Defendant and S&P, dated April 14, 2015, which stated that his mother's loan with Defendant "was timely and properly rescinded," and warned Defendant and S&P that he would "bring suit

---

[3] The undersigned also notes that Plaintiff dropped his FCRA and state law claims in their entirety, but maintained his FDCPA claim against Defendant.

5

without further notice" should payment in the amount of $82,000.00 not be made to Plaintiff within twenty days. Pl.'s Ex. (Doc. 17-3) at 2-3.

While Plaintiff's amended complaint, like his original complaint, is not a model of clarity, it appears that Plaintiff again attempts to establish that Defendant is a debt collector, along with newly named S&P, pursuant to 15 U.S.C. § 1692(a)(6) because "[Defendant] misrepresented itself as a creditor when in fact it was a debt collector" and because "[S&P] through their initial communication with Plaintiff . . . conducted themselves as a debt collector . . . and confused Plaintiff by stating if the debt is disputed, they would mail verification of the debt and they would provide Plaintiff with the name and address of the original creditor." Pl.'s Am. Compl. (Doc. 17-1) at 3. Additionally, Plaintiff alleges that Defendant held itself out to be a creditor and a servicer, which he claims violates the FDCPA. *Id*. at 5. In support of that claim, Plaintiff alleges that Defendant "is presented as a servicer . . . by [S&P's] notice to Plaintiff dated April 14, 2014, yet further down in the same notice [S&P] refers to [Defendant] as the current creditor as the communication is an attempt to collect a debt and any information obtained will be used for that purpose." *Id*. at 4-5. Plaintiff then states that he "was confused by this dunning notice due to the fact that the promissory note and mortgage was rescinded, yet [Defendant] and [S&P]'s conduct and behavior was in the scope of performing as debt collectors pursuant to 15 U.S.C. §1692(a)(6)." *Id*. at 5. Plaintiff's amended complaint then alleges specific violations of 15 U.S.C. § 1692, and purports to provide support for each violation. *Id*. at 4-8.

Before the undersigned is Plaintiff's motion to amend his complaint (Doc. 17). Rule 15(a) declares that leave to amend "shall be freely given when justice so requires." Thus,

> [i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Forman v. Davis*, 371 U.S. 178, 182 (1962); s*ee also Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) ("Despite the rule that leave to amend should be given freely, the court may deny leave to amend on numerous grounds, including the futility of the amendment. Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal.").

Because Plaintiff's proposed amended complaint (1) adds a new defendant, and (2) asserts additional factual information against Defendant that Plaintiff believes "will overcome the Recommendation of the Magistrate Judge done on [the] 22nd day of January, 2016," the undersigned will analyze these proposed amendments separately to determine whether leave to amend should be granted.

1) *Adding a New Defendant*

The undersigned turns first to whether Plaintiff should be allowed to amend his complaint to add S&P more than one year after Plaintiff filed his original complaint, and approximately eighteen months after the last alleged violation of the FDCPA by S&P.

7

The undersigned concludes that such amendment would be futile because the alleged misconduct of S&P is outside of the statute of limitations for an FDCPA claim, and the relation-back doctrine does not apply.  Thus, the amendment to add S&P should be denied.

The FDCPA requires that claims for violations must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  "The statute of limitations begins to run on the date the debt collector last engages in conduct offensive of the FDCPA."  *Stewart v. Bureaus Inv. Grp., LLC*, 309 F.R.D. 654, 658 (2015) (citing *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995)).  Plaintiff's original complaint and proposed amended complaint both allege violations of the FDCPA by S&P in April 2014, when S&P sent notice to the Estate that the debt was in default; in May 2014, when S&P foreclosed on the property; and in August 2014, when S&P sent Plaintiff a notice to vacate.  Thus, at the latest, Plaintiff had until August 11, 2015, to bring his claims against S&P.

Plaintiff's proposed amended complaint was filed on February 5, 2016, six months after S&P's last alleged violation.  *See* Pl.'s Am. Compl. (Doc. 17).  Because that date is clearly outside of the FDCPA's applicable one-year statute of limitations, Plaintiff's hope for asserting his claims against S&P rests upon an application of the relation-back doctrine of Federal Rule of Civil Procedure 15(c).  If Plaintiff can establish that his claims against S&P relate-back to the filing of his original complaint on January 22, 2015, Plaintiff's claims would not be time-barred.

Rule 15(c)(1) provides:

8

> An amendment to a pleading relates back to the date of the original pleading when:
>
> ...
>
> (C) the amendment *changes the party or the naming of the party against whom a claim is asserted,* if Rule 15(c)(1)(B) is satisfied[4] and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1) (emphasis added).[5]

The purpose of Rule 15(c) is to allow amended complaints to relate back to original filings for statute of limitations purposes when the amended complaint is correcting a mistake about the identity of the defendant. *See Worthington v. Wilson,* 8

---

[4] Rule 15(c)(1)(B) requires the claim to "ar[ise] out of the same conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading." Here, the undersigned concludes that the same transaction requirement is met. The undersigned notes that while Plaintiff provides additional examples of S&P's alleged wrongful conduct in his proposed amended complaint that were not alleged in his original complaint, the additional conduct arises from "the same conduct, transaction or occurrence" alleged in the original complaint.

[5] Prior to Rule 15 being amended in 1991, the Supreme Court, in *Schiavone v. Fortune,* 477 U.S. 21, 29 (1986), interpreted it to permit relation back if the following conditions were satisfied:

> (1) the basic claim must have risen out of the conduct set forth in the original proceeding; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

In response to *Schiavone,* Rule 15(c) was amended to change the fourth relation-back factor. The Advisory Committee stated:

> [Subpart (3) was] revised to change the result in *Schiavone v. Fortune,* with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name provided that the requirements of clauses (A) [notice] and (B) [mistake] have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time *to correct a formal defect such as a misnomer or misidentification* . On the basis of the text of the former rule, the Court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by Rule 8.

Fed. R. Civ. P. 15(c), Advisory Committee Notes (1991 Amendment) (emphasis added). "The only significant difference between the *Schiavone* rule and amended Rule 15(c) is that, instead of requiring notice within the limitations period, relation back is allowed as long as the added party had notice within 120 days following the filing of the complaint, or longer if good cause is shown." *Skoczylas v. Fed. Bureau of Prisons,* 961 F.2d 543, 545 (5th Cir. 1992).

9

F.3d 1253, 1256 (7th Cir.1993) (Relation-back applies where the amendment is made "to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued."); *see generally Hill v. United States Postal Serv.,* 961 F.2d 153 (11th Cir.1992) (permitting *pro se* plaintiff's amended complaint to relate back when he mistakenly named postal service instead of postmaster as defendant, contrary to statutory requirements); *see also Schiavone v. Fortune,* 477 U.S. 21, 29 (1986). In order to relate back, per Rule 15(c)(1)(C)(i), the defendant to be added must have the requisite knowledge and notice of the original action, set forth in Rule 4(m), so that it would not be prejudiced in defending the case on its merits. In addition, per Rule 15(c)(1)(C)(ii), the newly added defendant must have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. But, "[w]hen the original complaint and the plaintiff's conduct compel the conclusion that *the failure to name the prospective defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity*, the requirements of Rule 15(c)(1)(C)(ii) are not met." *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 549 (2010) (emphasis added).

Analysis of whether the relation-back doctrine applies to a newly added defendant would typically begin with an examination of the proposed defendant's knowledge of the original suit. *See Krupski*, 560 U.S. at 541 (holding that relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading). However, the undersigned does not have to examine whether S&P had the requisite

10

knowledge of Plaintiff's original suit because, for the reasons explained below, the relation-back doctrine would not apply, regardless of S&P's knowledge of Plaintiff's original suit. Thus, Plaintiff's amendment to his complaint to add S&P as a defendant would be futile; therefore his motion to amend should be denied.

>  *a. Plaintiff made no mistake in failing to name S&P as a defendant in his original complaint.*

The relation-back doctrine applies to a newly added defendant under Rule 15(c)(1)(C)(ii) if the new defendant "knew or should have known that the action would have been brought against it, but for a *mistake* concerning the proper party's identity."[6] (emphasis added). Thus, even if S&P knew of Plaintiff's original action against Defendant, Plaintiff would not be allowed to name S&P as a new defendant if Plaintiff made no *mistake* in failing to name S&P as a defendant in his original complaint. Indeed, "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Krupski*, 560 U.S. at 549. Based upon that reasoning, this court, in *Stewart v. Bureaus Inv. Group, LLC*, held that the relation-back doctrine did not apply to a plaintiff's proposed amendment adding a new defendant because the plaintiff "always [knew] of [the proposed defendant] and his firm but not of their alleged responsibility for wrongdoing under the FDCPA." 309 F.R.D. 654, 662 (M.D. Ala. 2015). In reaching that conclusion, this court noted that, unlike the plaintiff

---

[6] Nothing in Rule 15 or in the advisory committee notes indicates that relation back "applies to a plaintiff who was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged." *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997).

11

in *Krupski*, the *Stewart* plaintiff had not mistakenly sued one defendant instead of another, nor had she mistakenly chosen to sue a different defendant based on a misimpression of the facts. *Id*. Instead, the *Stewart* plaintiff, despite knowing – at the time she filed her complaint – the factual and legal identity of the defendant she sought to add in her amended complaint, chose to sue a defendant other than the one she sought to add. *Id*.

Here, Plaintiff is similarly situated to the *Stewart* plaintiff. Like the *Stewart* plaintiff, Plaintiff was fully aware of S&P's identity at the time he filed his original complaint, but made a deliberate choice not to sue S&P, and instead sued Defendant. That choice is evidenced by Plaintiff's original complaint where he references S&P, sets forth how he believes S&P participated in the wrongful conduct by which he was aggrieved, and states S&P's relationship to Defendant.[7] Specifically, Plaintiff states: "On or about August 11, 2014, the Defendant's Attorney sent Plaintiff a dunning 'Notice to Vacate' claiming that on May 20, 2014, Plaintiff's property was duly foreclosed and [Defendant] is the owner of the property." Compl. (Doc. 1) at 3. Plaintiff further stated that he sent "SIROTE & PERMUTT, PC, attorney for [Defendant] a 'Notice of Dispute, Demand for Verification/Validation of Alleged Debt' . . . to clarify, verify and validate the alleged debt, and they have failed to respond with information sufficient to verify and validate the alleged debt." *Id*. It is obvious from these two references that Plaintiff knew

---

[7] As an initial note, the undersigned does not dispute that S&P *could* have been considered a debt collector for the purposes of FDCPA. *See Heintz v. Jenkins*, 514 U.S. 291, 291 (1995) (holding that lawyers who regularly try to obtain payment of consumer debts through legal proceedings are considered debt collectors for the purposes of the FDCPA).

12

of S&P's existence, knew of their involvement in the alleged debt collection, and knew that S&P was Defendant's attorney – at least for the purposes of its dealings with Plaintiff.  As such, Plaintiff knew more than just S&P's factual existence at the time he filed his complaint – he knew S&P's identity.[8]  However, despite knowing S&P's identity, Plaintiff chose to sue Defendant alone.

Further, the undersigned notes that the "new" evidence Plaintiff presents of S&P's alleged misconduct confirms that Plaintiff knew of S&P's identity at the time he filed his original complaint.  Plaintiff's new evidence consists of a letter from S&P, composed on S&P's letterhead, on behalf of Defendant.  Pl.'s Ex. (Doc. 17-4).  That letter, which clearly states that Defendant was S&P's "client," was dated April 14, 2014, nine months prior to Plaintiff filing his complaint.  *See id.,* Compl. (Doc. 1).  After the letter from S&P was received, Plaintiff communicated with S&P.  *See* Pl.'s Am. Compl. (Doc 17-1) at 3 ("[o]n or about August 11, 2014, [S&P] sent Plaintiff a dunning 'Notice to Vacate'. . . ." and "[o]n or about October 31, 2014, Plaintiff sent SIROTE & PERMUTT, PC, . . . .").  However, despite Plaintiff's interactions with S&P by which he claims to be aggrieved, Plaintiff chose not to name S&P as a defendant in his original complaint.

It is clear to the undersigned that Plaintiff's failure to name S&P as a defendant in the original complaint was the result of a fully informed decision as opposed to a mistake concerning the proper defendant's identity.  The fact that Plaintiff knew S&P's identity and conduct but may not have known that such conduct was potentially wrongful under

---

[8] The undersigned notes that "it would be error to conflate knowledge of a party's existence with the absence of mistake." *Krupski*, 560 U.S. at 548.

the FDCPA is unavailing. *See Krupski,* 560 U.S. at 549 ("[M]aking a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity."). As such, Plaintiff cannot rely upon the relation-back doctrine to add S&P as a defendant in his proposed amended complaint.

    *b. Rule 15(c) allows substitution, not addition, of a defendant.*

  In addition to the above reasoning for denying application of the relation-back doctrine, the undersigned also concludes that the relation-back doctrine does not apply because Plaintiff is attempting to *add* a defendant instead of *substitute* a defendant. This court has previously determined that the plain language of Rule 15 advises that amendments relate back only when "the plaintiff redirect[s] an existing claim toward a different party, and drop[s] the original party." *Stewart*, 309 F.R.D. at 659 (quoting *Telesaurus VPC, LLC v. Power*, No. CV 07-01311-PHX-NVW, 2011 WL 5024239, at *3 (D. Ariz. Oct. 21, 2011)). Courts adopting this interpretation therefore hold that "joinder of a new defendant, in addition to the original defendant, does not relate back." *Id*.; *see also Onan v. County of Roanoke,* 52 F.3d 321 (4th Cir.1995) (unpublished) ("Rule 15(c)(3) permits a plaintiff to name a new defendant *in place of* an old one, but does not permit a plaintiff to name a new defendant *in addition to* the existing ones.") (emphasis in original); *Leitch v. Lievense Ins. Agency, Inc. (In re Kent Holland Die Casting & Plating, Inc.),* 928 F.2d 1448, 1449 (6th Cir. 1991) (Sixth Circuit precedent "holds that an amendment which adds a new party creates a new cause of action and there is no relation-back to the original filing for purposes of limitations."); *Smart v. Ellis Trucking Co.,* 580

14

F.2d 215, 218 (6th Cir. 1978) ("amendments which add a party to the original suit cannot relate back for limitations purposes"); *In re Vitamin C Antitrust Litig.,* 995 F. Supp. 2d 125, 129–31 (E.D.N.Y. 2014) ("Rule 15(c)(1)(C) does not encompass just any mistake. It requires a mistake 'concerning the proper party's identity.' As a matter of plain language, this provision would appear to include only 'wrong party' cases, and not 'additional party' cases. . . . In an 'additional party' case like this one, there generally will be no 'mistake concerning' the proper party's 'identity.' "); *Jadco Enters., Inc. v. Fannon,* No. CIV.A. 6:12–225–DCR, 2013 WL 6055170, at *5 (E.D. Ky. Nov. 15, 2013) (citing *Asher v. Unarco Material Handling, Inc.,* 596 F.3d 313, 318 (6th Cir. 2010)) ("Rule 15(c) does not allow a relation back when a plaintiff learns more about a case through discovery then attempts to broaden liability to attach new parties in addition to ones already before the court."); *Miracle of Life, LLC v. N. Am. Van Lines, Inc.,* 368 F. Supp. 2d 499, 502 (D.S.C. 2005) (observing that the plain language of Rule 15(c)(3) only contemplates relation-back when a new party is substituted for an existing party, and finding that to be the clear precedent in the Fourth Circuit).

While that strict interpretation may seem unduly technical, this court previously noted that the interpretation is bolstered by the language in Rule 15(c)(1)(C)(ii), which allows relation-back only when the new defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the *proper party's identity.*" Fed. R. Civ. P. 15(c)(1)(C)(ii) (emphasis added); *see Stewart*, 309 F.R.D. at 660. The reference of substituting a *proper* party necessarily implies that the original party was *improper*, not that the original party was proper, and another party

15

could be named. *Telesaurus*, 2011 WL 5024239, at * 3. Thus, based on the plain language of Rule 15 and its allowance for an amendment which changes the *improper* party originally named, the undersigned concludes that the relation-back doctrine does not apply in this instance where Plaintiff attempts to join an entirely new defendant – S&P – in addition to the existing proper-party Defendant – Wells Fargo.

Because Rule 15(c)'s relation-back doctrine does not allow Plaintiff to add S&P as a defendant for either reason discussed above, the statute of limitations bars Plaintiff's claims against S&P, making amendment futile. As such, the undersigned concludes that Plaintiff should not be allowed to amend his complaint to name S&P as a defendant.

2) *New Evidence to Overcome Magistrate's Recommendation*

With that determination made, the undersigned proceeds to evaluate the new facts and evidence presented in Plaintiff's proposed amended complaint against Defendant to determine if allowing such amendment would be futile. The undersigned concludes that, because Plaintiff's proposed amended complaint fails to state any viable FDCPA claim for which relief could be granted against Defendant, such amendment would be futile.

In determining whether a proposed amendment would be futile, the court must look to whether the proposed amendment would be subject to summary dismissal for failure to state a claim upon which relief could be granted. Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

16

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]"  *Twombly*, 550 U.S. at 555.  *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'").  Thus, in order to avoid summary dismissal, Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for relief which is plausible on its face.'"  *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).  "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful.  Factual allegations that are '"merely consistent with" a defendant's liability,' however, are not facially plausible."  *Id*. (quoting *Iqbal*, 556 U.S. at 678) (internal citations omitted).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  However, although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

With regards to Defendant, allowing Plaintiff's amendment to his complaint would be futile because Plaintiff cannot establish that Defendant was a debt collector for purposes of the FDCPA. "To prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Ruth v. Tenen*, No. 3:12CV40-WHA, 2012 WL 2135478, at *2 (M.D. Ala. June 13, 2012) (citing *Janke v. Wells Fargo and Co.*, 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011)). "The FDCPA defines a "debt collector" as a person who uses an instrumentality of interstate commerce or the mails in a business which has the principal purpose of collecting debts, or who regularly collects debts owed to another." *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009) (citing 15 U.S.C. § 1692a(6)). Importantly, the FDCPA applies only to debt collectors and not creditors. *See Madura v. Lakebridge Cond. Ass'n Inc.*, No. 09-11636, 2010 WL 2354140, at *2 (11th Cir. June 14, 2010); *Reese v. JPMorgan Chase & Co.*, 686 F. Supp. 2d 1291, 1308 (S.D. Fla. 2009) (dismissing the FDCPA claim where the complaint indicated that the defendants were creditors and mortgage servicers and, thus, were specifically excluded under the FDCPA). Therefore, "[i]t is well-established that mortgage servicers do not fall within the definition of debt collector[s]." *Jenkins v. BAC Home Loan Servicing, LP*, 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011) (citing *Warren*, 342 F. App'x at 460 (determining that "the act of foreclosing on a security interest is not debt collection activity for the purposes of the FDCPA")).

Because foreclosing on a home is not debt collection for purposes of § 1692g, Plaintiff has not, and cannot, state a claim under that provision based on Defendant's foreclosure sale of his home. The "new" facts and evidence submitted by Plaintiff in his proposed amended complaint do not alter that conclusion. Accordingly, allowing Plaintiff to amend his complaint with regards to Defendant would be futile.

## II. CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Motion for Leave to Amend (Doc. 17) be DENIED. It is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 28, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 14th day of April, 2016.

                                                <u>/s/ Wallace Capel, Jr.</u>
                                                UNITED STATES MAGISTRATE JUDGE