IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ALEX SMITH JR., a man,        )
                              )
    Plaintiff,                )
                              )    CIVIL ACTION NO.
    v.                        )      2:15cv54-MHT
                              )          (WO)
WELLS FARGO BANK              )
NATIONAL ASSOCIATION,         )
                              )
    Defendant.                )
```

OPINION

Plaintiff filed this lawsuit asserting claims under the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692, 1692a to 1692p) and the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §§ 1681, 1681a to 1681x), and related state-law claims, all stemming from defendant's foreclosure on a property owned by plaintiff's mother before she died. This court previously dismissed plaintiff's complaint without prejudice, but did not close the case, and left plaintiff's motion for leave to file an amended complaint for recommendation by the United States

Magistrate Judge.  This lawsuit is now before the court on the recommendation of the magistrate judge that plaintiff's motion for leave to file an amended complaint be denied as futile.  Also before the court are plaintiff's objections to the recommendation, and plaintiff's second motion for leave to amend the complaint, filed on the same day as the objections.  After an independent and de novo review of the record, the court concludes that plaintiff's objections should be overruled, the magistrate judge's recommendation adopted, and the first motion for leave to file an amended complaint denied.[*]  In addition, after review of the second motion for leave to amend the complaint and comparison of the motion and attached proposed amended complaint with the first such motion and proposed amended complaint, the court concludes that the changes

---

[*] On page 8, the recommendation states: "Plaintiff's proposed amended complaint was filed on February 5, 2016, six months after S&P's last alleged violation." Recommendation (doc. no. 22).  The court reads this as a typo; the sentence should have stated that the "proposed amended complaint was filed … one year and six months after S&P's last alleged violation."

made to the proposed amended complaint would not alter the court's reasoning or conclusion. Accordingly, the court will deny the second motion.

An appropriate judgment will be entered.

DONE, this the 3rd day of May, 2016.

                         /s/ Myron H. Thompson
                       UNITED STATES DISTRICT JUDGE